UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

    v.    Case No. 3:20-cr-86-TJC-JBT

JORGE PEREZ, Jr. et al.,

    Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANTS' OPPOSITION**

The United States hereby responds to Jorge Perez's Opposition to the Government's Notice of Intent to Introduce Medical Opinions of Treating Physicians [D.E. 705], which has been adopted by various defendants. The testimony proposed by the Government in its Notice [D.E. 700] from physicians who treated patients who were billed for laboratory tests by Defendants, is absolutely permissible, as even the case law cited by Defendants acknowledges [see D.E. 705, at 2-3), and is relevant.

The Defendants mischaracterize the Government's proposed testimony in order to argue that it is irrelevant and prejudicial. It is not; for example, some of the Government's proposed witnesses will testify that they <u>never</u> ordered certain confirmatory urine drug tests done by Defendants' testing laboratories <u>at all</u>—despite being noted as the "referring" physician in the billing data—and further that their patients did not need such repeated confirmatory urine drug tests. This is relevant. The Government has alleged that some of the testing done and billed by Defendants was not medically necessary, as described in the Superseding Indictment. This makes such testimony squarely within the Government's core theory of Defendants' guilt.

Defendants' arguments to the contrary are nonsensical and wrong; like it or not, the Government has alleged certain tests, particularly confirmatory urine drug tests, were medically unnecessary.[1]  Thus, such testimony by treating physicians is relevant, and is not unduly prejudicial.  It is that simple.

In health care fraud cases tried in this Circuit and elsewhere, courts have routinely admitted lay witness testimony exactly like the kind the Defendants seek to exclude here, namely, fact testimony from lay witnesses about their observations of patients they treated and clinics they worked at, as well as lay opinion testimony consistent with Federal Rule of Evidence 701.[2]  See United States v. Moran, 778 F.3d 942, 966-67 (11th Cir. 2015).[3]

The law in this Circuit applying Rule 701 makes clear that "the opinions of lay witnesses may be introduced when those opinions are based on the firsthand knowledge or observation of the witness and are helpful in understanding his

---

[1] Other witnesses proposed by the Government in its Notice will testify that: (1) they did in fact order such tests, (2) they thought such tests were necessary for their patients, but (3) they also thought the tests were being conducted by a testing laboratory, and not a rural hospital, and why this mattered to them when treating their patients.  Do the Defendants intend to try and exclude the first two aspects of such a witnesses' testimony?  Of course not.  And the third is equally permissible and relevant.

[2] The admission of "opinion" testimony through lay witnesses is governed by Federal Rule of Evidence 701, which provides: "If the witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness' perception; (b) helpful to clearly understanding the witnesses' testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."

[3] In Moran, as described more fully below, the Eleventh Circuit ruled that the district court did not abuse its discretion by admitting lay opinion testimony by former clinic employees based on what they personally observed while treating patients at Biscayne Milieu, a Partial Hospitalization Program ("PHP") operating in the Southern District of Florida.  Id. Just as in Moran, the lay witness opinion testimony that the Government seeks to introduce during this trial is permissible.

2

testimony or in the determination of an issue of fact." United States v. Smith, 550 F.2d 277, 281 (5th Cir. 1977). The determination of whether lay opinion testimony is admissible is based upon the nature of the testimony itself, and not whether the witness could be qualified as an expert. United States v. LeCroy, 441 F.3d 914, 927 (11th Cir. 2006). Moreover, this Circuit has repeatedly held that "Rule 701 does not prohibit lay witnesses from testifying based on particularized knowledge gained from their own personal experiences . . [or] based on 'particularized knowledge garnered from years of experience in the field'[.]" United States v. Hill, 643 F.3d 807, 841 (11th Cir. 2011) (quoting Tampa Bay Shipbuilding & Repair Co., 320 F.3d 1213, 1223 (11th Cir. 2003)). Lay witnesses are further permitted to offer opinions on an "ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704.[4]

Defendants arbitrarily seek to limit the scope of the Government's lay witness testimony from treating physicians, hoping to exclude proper opinion testimony based on personal knowledge and experience. In Moran, the Eleventh Circuit addressed the admission of lay opinion testimony in a 2012 trial, and rejected the convicted defendants' argument that the district court abused its discretion when it admitted lay opinion testimony "of various witnesses who testified as to the eligibility of patients to receive [PHP] treatment as well as, in the view of appellants, these patients' medical diagnoses." Moran, 778 F.3d 942, at 966. The Eleventh Circuit held that:

---

[4] See also Smith, 550 F.2d at 281 (witness' opinion that defendant knew and understood the CETA regulations at issue in the case was a "critical issue to be determined at trial" and properly admitted pursuant to Rule 704).

3

> The record shows that the testimony here in question—principally from social workers and therapists at Biscayne Milieu—was based on personal knowledge and reflected the experience of treatment providers with the treatment process, and its shortcomings, at Biscayne Milieu. These witnesses were not standing in for experts. We see no abuse of discretion in the district court's decision to allow such evidence as lay opinion.

Id., at 966-67. The testimony provided by these witnesses was deemed proper because they were talking about what they knew from working at the clinic, and their employment experience. The Government is proposing testimony on the same basis here, and this time from treating doctors.

Since Moran, the law in this Circuit has not changed; and the basis and nature of the lay witness testimony in this case is nearly identical. In this case, based on what they saw and what they know, these treating physicians can say, for example, whether a certain patient, in their view, needed the urine drug tests they were billed for by Defendants. See United States v. Toll, 804 F.3d 1344, 1355 (11th Cir. 2015) (lay witness testimony is admissible when "based on particularized knowledge gained from [witnesses'] own personal experience").

The notion that a medical professional can talk about what they observed when treating a patient without being deemed an expert is fundamental, and follows precedent in this and other Circuits. For example, in United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005), the Eleventh Circuit held that "[a] treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party" (quoting *Davoll v. Webb*, 194 F.3d 1116, 1138 (10th Cir. 1999)). Consequently, the treating physician for an

4

addiction treatment patient, as here, can testify that, for example, he or she simply <u>did not ever order</u> confirmatory urine drug tests, and further that he or she did not observe any need for such testing. Defendants' citation to <u>Williams</u> (D.E. 705, at 2) is off-point. No special evidentiary problems are created by treating physicians testifying to the fact that they never ordered certain urine drug tests. And such treating physicians can further testify that not only did they never order such tests, but they never would have, because their patients did not need them, or at least did not need them so frequently. One does not need to be deemed an expert to explain that they knew the basics of urine drug testing based on their own professional experience, and that they did not order such tests because the patients they saw did not need them.[5] This type of testimony is proper, highly relevant and will assist the jury in deciding this case.

## **CONCLUSION**

The Government intends to elicit proper fact and opinion testimony after laying the requisite foundation, as described above and in its prior Notice. Such testimony is eminently admissible, and Defendants' objections should be overruled.

---

[5] In short, "the opinions of lay witnesses may be introduced into evidence when those opinions are based on the firsthand knowledge or observation of the witness and are helpful in understanding his testimony or in the determination of an issue of fact." *Smith*, 550 F.2d at 28; *see also United States v. Graham*, 643 F.3d 885, 898 (11th Cir. 2011) ("a witness who has particularized knowledge by virtue of his position in a certain company can give an opinion about the manner in which that company conducts its business, even if the witness is not qualified as an expert under [Rule 702].").

        Respectfully submitted,

        ROGER B. HANDBERG
        United States Attorney

By:   /s/ Tysen Duva
        TYSEN DUVA
        Assistant United States Attorney
        Florida Bar No. 0603511
        300 N. Hogan Street, Suite 700
        Jacksonville, Florida 32202
        Telephone:  (904) 301-6300
        Facsimile:   (904) 301-6310
        E-mail:  Tysen.Duva@usdoj.gov


        JOSEPH S. BEEMSTERBOER
        ACTING CHIEF
        U.S. DEPARTMENT OF JUSTICE
        CRIMINAL DIVISION, FRAUD SECTION

        /s/ James V. Hayes
        JAMES V. HAYES (FL Bar # A5501717)
        Senior Litigation Counsel
        GARY A. WINTERS (FL Bar # A5501852)
        Trial Attorney
        United States Department of Justice
        Criminal Division, Fraud Section
        1400 New York Avenue, NW
        Washington, DC 20005
        Tel: (202) 774-4276
        Email: James.Hayes@usdoj.gov
               Gary.Winters@usdoj.gov


## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 30, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

        /s/ James V. Hayes