IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA
v.                                            3:20-cr-86-TJC-JBT

JAMES F. PORTER, JR., et al.

    Defendants.

_____/

# JAMES PORTER'S RESPONSE TO UNITED STATES' MOTION FOR ADDITIONAL EXPERT DISCLOSURE REGARDING DEFENSE EXPERT MICHAEL F. ARRIGO

    The United States Government filed their Motion for Additional Expert Disclosure (Doc. 678) on May 6, 2022, regarding Defendant James F. Porter, Jr.'s expert witness Michael F. Arrigo, disclosed (Doc. 551) April 4, 2022. On April 29, 2022, Defendant James F. Porter, Jr. provided Mr. Arrigo's expert report, totaling 160 pages, to the United States. Mr. Arrigo's expert report includes a table of contents indexing the contents opined on in his report. Specifically, Mr. Arrigo's expert report includes "Section III. Rebuttal to Dr. Kongstvedt" and "Section IV: Detail Rebuttal of Kongstvedt Opinions," including eighteen (18) enumerated sub-sections unequivocally stating whether or not Mr. Arrigo agrees or disagrees with Dr. Kongstvedt's opinions. Nevertheless, the United States inaccurately alleges Mr. Arrigo's report does not contain an explanation of what opinions he will provide in rebuttal to Dr. Kongstvedt, and does not sufficiently detail Mr. Arrigo's opinions.

Rule 16(b)(1)(C) requires a defendant, at the government's request, to provide a written summary of any testimony the defendant intends to rely on at trial, including a description of the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. Fed R. Crim. P., Rule 16(b)(1)(C). The Rule 16 expert disclosure requirement is not intended to create unreasonable procedural hurdles or require the disclosure of "a comprehensive recitation of every nuance and detail that will make up an expert's testimony, or which may be drawn out on cross-examination." *United States v. Campbell*, 2016 WL 346446 (N.D. Ga. Feb. 13, 2006); citing *United States v. Conroy*, 424 F.3d 833, 838 (8th Cir. 2005) (summary of forensic expert's expected testimony consisted of single sentence satisfied requirements of Rule 16).

The Defendant James F. Porter, Jr. exceeded his disclosure requirements related to Mr. Arrigo's expert opinions pursuant to Rule 16, Fed R. Crim. P., as he properly disclosed Mr. Arrigo as an expert witness and provided Mr. Arrigo's expert report to the United States on April 29, 2022. Mr. Arrigo's expert report provides a detailed explanation of his opinions, the bases and reasons for those opinions and Mr. Arrigo's qualifications pursuant to Rule 16(b)(1)(C), Fed. R. Crim. P.

The United States' Motion for Additional Expert Disclosure (Doc. 678) concedes they are not seeking to preclude Mr. Arrigo from testifying, and Mr. Arrigo's "expert report sufficiently describes [Mr. Arrigo's] qualifications, and what

his testimony will be based on ….." *See* (Doc. 678). However, the United States contends Mr. Arrigo's expert report does not sufficiently detail his opinions despite Mr. Arrigo's report containing two (2) titled sections as "Section III. Rebuttal to Dr. Kongstvedt" and "Section IV: Detail Rebuttal of Kongstvedt Opinions." Each of the eighteen (18) enumerated sub-sections under Section IV, begin with "I **DISAGREE"** clearly evidencing Mr. Arrigo's opinion conflicts with Dr. Kongstvedt's opinions, prefaced with a section detailing each reason for his disagreement with Kongstvedt's opinions (pages 7 to 17), his opinions with detailed explanations on those subjects (pages 8 to 18), Discussion (pages 48 to 56), Exhibit B – Standards Principles and Methods (pages 65 to 146), Exhibit C – Application of Standards Principles and Methods to Facts and Data Considered in Rebuttal to Kongstvedt (page 147), supported by 83 end notes, citations, and references.

Mr. Arrigo has been qualified as an expert in a Federal case alleging fraud. See the ruling of U.S. District Judge Ronald S. Lew in *UNITED STATES of AMERICA and STATE OF CALIFORNIA ex rel. Julie A. Macias v. PACIFIC HEALTH CORPORATION* CV 12–00960–RSWL–AJWx (Westlaw 2018 WL 1026361) and his opinions have been considered by the U.S. Court of Appeals who partially vacated and remanded criminal sentencing (see UNITED STATES OF AMERICA, Plaintiff-Appellee, v. MICHAEL MIRANDO, Defendant-Appellant,

opinion of the Honorable Circuit Judges Gould, Nguyen and Marbley, filed April 9, 2019, No. 17-50386, D.C. No. 2:16-cr-00215-PA-1.

The cases relied on by the United States provide an expert disclosure is insufficient where it merely provides a list of general subject matters to be covered, fails to identify what the expert would offer on those subjects, fails to provide any indication of the expert's opinions and merely identifies general topics about which the expert will testify. *See* (Doc. 678), *United States v. Duval*, 272 F.3d 825, 828 (7th Cir. 2001); *United States v. DSD Shipping*, 2015 WL 5737157, at *2 (S.D. Ala. Sept. 30, 2015); *United States v. Cerna*, 2010 WL 2347406, at *4 (C.D. Cal. June 8, 2010) and *United States v. Ferguson*, 2007 WL 4539646, at *1 (D. Conn. Dec. 14, 2007).

Mr. Arrigo's report does not merely provide a list of general subject matters to be covered without any indication of his expert opinion. Mr. Arrigo's expert report specifically and unequivocally reveals Mr. Arrigo's expert opinions with very detailed explanations of his anticipated expert witness testimony. The cases relied on by the United States in support of their Motion (Doc. 678) are misplaced, and Mr. Arrigo's expert report clearly evidences he has meet and exceeded his disclosure requirements pursuant to Rule 16, Fed. R. Crim. P.

The United States' Motion for Additional Expert Disclosure (Doc. 678) request Defendant James F. Porter, Jr., supplement his expert witness disclosure of

4

Mr. Arrigo based on the United States' belief of what Mr. Arrigo may testify to during the trial, and is contrary to the disclosure requirements of Rule 16. The United States has not filed any similar motion directed against any other Defendant's expert disclosure, some of which expert reports summary of opinions total only five (5) pages in length. To require Defendant James F. Porter, Jr., to incur the additional significant expense of having Mr. Arrigo supplement his expert report would create an extreme financial burden.

    Defendant James F. Porter, Jr., has exceeded his expert witness disclosure requirements pursuant to <u>Fed R. Crim. P.</u>, Rule 16, and request the United States' Motion for Additional Expert Disclosure (Doc. 678), be properly denied.

RESPECTFULLY SUBMITTED this 3rd day of June, 2022.

                                            **THE SCHWARTZ LAW GROUP, P.A.**
                                            */s/ Seth Schwartz*
                                            _____
                                            Seth Schwartz, Esquire
                                            Florida Bar No.: 739421
                                            Albert J. Tasker IV
                                            Florida Bar No.: 743321
                                            10365 Hood Road, Suite 104
                                            Jacksonville, FL 32257
                                            (904) 292-0222
                                            (904) 292-0044 fax
                                            service@flattorney.net
                                            Counsel for Defendant James F. Porter, Jr.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** a copy of the above Response was filed with the Clerk of Court by using the CM/ECF system, which will send notice of the electronic filing to all counsel of record in this matter.

                                          **THE SCHWARTZ LAW GROUP, P.A.**

                                          */s/ Seth Schwartz*

                                          Seth Schwartz, Esquire